UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**RICHARD LAVELLE WALKER**                  **CIVIL ACTION NO. 24-0704**

**VS.**                                     **SECTION P**

                                            **JUDGE TERRY A. DOUGHTY**

**CHARLES BRUMFIELD, ET AL.**               **MAG. JUDGE KAYLA D. MCCLUSKY**

## MEMORANDUM ORDER

Plaintiff Richard Lavelle Walker,[1] a prisoner at Ouachita Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately May 23, 2024, under 42 U.S.C. § 1983. [doc. # 1].

Under 28 U.S.C. § 1915(g), "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Here, federal district courts have, in at least three separate proceedings Plaintiff filed while he was incarcerated or detained, dismissed Plaintiff's civil rights complaints as either frivolous, malicious, or for failure to state a claim on which relief can be granted:

> (1) *Richard Lavelle Walker v. Peggy J. Sullivan, et al.*, 3:05-cv-1802 (W.D. La. March 27, 2006) (dismissing Plaintiff's civil rights complaint with prejudice as frivolous and for failing to state a claim on which relief may be granted);
>
> (2) *Richard Lavelle Walker v. Jay Russell, et al.*, 3:14-cv-2882 (W.D. La. March

---

[1] Plaintiff's prisoner and/or detainee identification numbers are 322288 and 1566456.

3, 2015) (dismissing Plaintiff's civil rights complaint with prejudice as frivolous and for failing to state a claim for which relief may be granted); and

(3) *Richard Walker v. Steve Mays, et al.*, 3:14-cv-3479 (W.D. La. March 3, 2015) (dismissing Plaintiff's civil rights complaint with prejudice as frivolous and for failing to state a claim for which relief may be granted).

In addition, the Court does not find that Plaintiff was in imminent danger of serious physical injury when he filed this proceeding or when he applied to proceed in forma pauperis.[2] Plaintiff has pending criminal charges in state court, and in the instant proceeding he names his counsel, a district attorney, and a state court judge as defendants. He claims that his attorney is providing ineffective assistance and is working with the district attorney to "get [him] charged with a crime [he] didn't commit." [doc. # 1-2, p. 5]. He maintains that he has been illegally "charged with the same theft twice[.]" *Id.* He alleges that the judge does not accept motions to dismiss counsel. *Id.*

Accordingly, **IT IS ORDERED** that the Memorandum Order granting Plaintiff in forma pauperis status, [doc. # 4], is **REVOKED AND RESCINDED**.

**IT IS FURTHER ORDERED** that for Plaintiff's claims to remain viable, Plaintiff must pay the full $405.00 filing fee in one lump sum within **twenty-one (21) days** from the date of this Memorandum Order. **FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING STRICKEN FROM THE RECORD**.

**IT IS FURTHER ORDERED** that considering the revocation of the Memorandum Order granting Plaintiff in forma pauperis status, the Clerk of Court shall instruct the Prison

---

[2] *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) ("[A] prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger *at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP*.") (emphasis added).

Accounts Officer to discontinue automatically withholding funds from Plaintiff's inmate account for this proceeding only.

In Chambers, Monroe, Louisiana, this 12th day of June, 2024.

_____
Kayla Dye McClusky
United States Magistrate Judge